UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 25-mj-30758

v.

Cher-Ri Pye,

        Defendant.

---

**Stipulation and Proposed Order to Adjourn the
Preliminary Hearing and Find Excludable Delay**

---

The parties stipulate and jointly move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

1. The defendant was arrested on the criminal complaint in this case on December 23, 2025, and she made her initial appearance on the criminal complaint the same day, December 23, 2025. The defendant was released on a $10,000 unsecured bond. The preliminary hearing is currently scheduled to take place on January 13, 2026. The parties are now seeking to adjourn that preliminary hearing by approximately 60 days, to March 13, 2026.

2.      The government has provided initial discovery, and the parties intend to engage in pre-indictment plea negotiations that may result in a plea agreement, which will eliminate the need for this Court to conduct a preliminary hearing.  A pre-indictment plea agreement will also provide that the defendant waive her right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume grand jury resources.  In addition, a pre-indictment plea agreement will also eliminate the need for a trial.

3.      A part of the plea negotiations involves defense counsel's assessment of the government's case against the defendant.  This assessment requires that defense counsel have the reasonable time necessary to adequately review the discovery provided by the government to him and then confer with the defendant.  The discovery includes the following categories of evidence: agency reports and records, bank records, photographs, and video files.

4.      In light of the above, the parties submit that there is good cause to adjourn the preliminary hearing.  Moreover, the defendant has consented to this adjournment, and the adjournment sought is fairly limited.  *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

5.      In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment.  *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties to engage in pre-indictment plea negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of the defendant. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment.  It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

6.      Accordingly, the parties request that this Court find that there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned from January 13, 2026, until March 13, 2026.  The parties also request that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.  The parties request that this ends-of-justice continuance begin on January 13, 2026, and continue through March 13, 2026, and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

| | |
|---|---|
| *s/Corinne M. Lambert* | *s/Steven E. Scharg (w/consent)* |
| Corinne M. Lambert | Steven E. Scharg |
| Special Assistant U.S. Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 1120 |
| Detroit, MI  48226 | Detroit, MI  48226 |
| (313) 226-9129 | (313) 962-4090 |
| Corinne.Lambert@usdoj.gov | scharg1924@gmail.com |

Dated:  January 12, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 25-mj-30758

v.

Cher-Ri Pye,

        Defendant.

---

**Order Adjourning the
Preliminary Hearing and Finding Excludable Delay**

---

The Court has considered the parties' stipulation and joint motion to adjourn the preliminary hearing, for a continuance of the 30-day Speedy Trial Act arrest-to-indictment period, and for a finding that the time period from January 13, 2026, to March 13, 2026 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The Court finds, based on the information and explanation set forth by the parties, that there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to March 13, 2026.  *See* Fed. R. Crim. P. 5.1(d).

The Court also finds, based on the information and explanation set forth by the parties—namely that the parties intend to engage in pre-indictment negotiations

and that defense counsel needs additional time within which to review the discovery and advise the defendant on how to proceed—that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. See 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until March 13, 2026, and orders that the period from January 13, 2026 to March 13, 2026 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

s/Elizabeth A. Stafford<br>
Elizabeth A. Stafford<br>
United States Magistrate Judge

Dated: January 13, 2026